

**IT IS ORDERED as set forth below:**

**Date: November 20, 2019**

_____

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 19-57651-pmb |
| | ) | |
| HANNAH SOLAR, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**FINAL ORDER ON DEBTOR'S MOTION TO APPROVE USE OF CASH**
**COLLATERAL ON INTERIM AND CONTINUING BASIS AND TO PROVIDE**
**ADEQUATE PROTECTION**

On May 17, 2019, Hannah Solar, LLC ("Debtor") filed its Motion to Approve Use of Cash

Collateral on Interim and Continuing Basis and to Provide Adequate Protection [Docket No. 10]

(the "Motion"). On May 23, 2019, the Court entered an _Agreed Interim Order (A) Authorizing_

_Debtor's Use of Cash Collateral; (B) Granting Adequate Protection; (C) Granting Related Relief;_

_and (D) Providing Notice of Continued Hearing on May 29, 2019_ [Docket No. 28] (the "First

Interim Order") authorizing Debtor to use Cash Collateral (as defined in the First Interim Order) through the conclusion of a continued hearing set for May 29, 2019.

The Court subsequently extended Debtor's authority to use Cash Collateral, on certain terms, through Orders entered on May 31, 2019 [Docket No. 42], June 7, 2019 [Docket No. 46], June 24, 2019 [Docket No. 73], July 17, 2019 [Docket No. 101], July 24, 2019 [Docket No. 117], and August 8, 2019 [Docket No. 128] (collectively, with the First Interim Order, the "Interim Orders").

At an evidentiary hearing held on August 19, 2019, Debtor requested that its Motion be approved on a final basis and that ongoing authorization to use Cash Collateral be provided for in conjunction with, and subject to the terms of, *Debtor's (I) Motion for Interim and Final Orders Authorizing (A) Secured Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364(c) and (d); (B) Granting Security Interests, Superpriority Claims, and Adequate Protection; (C) Use of Cash Collateral; and (D) Modification of Automatic Stay; and (II) Request for Emergency Hearing* [Docket No. 53] (the "DIP Financing Motion") regarding certain postpetition financing with Bay Point Capital Partners II, LP ("Bay Point Capital"). The Court granted the DIP Financing Motion by a *Final Order Authorizing Debtor to Obtain Post-Petition Secured, Superpriority Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364* entered on August 20, 2019 [Docket No. 136] (the "DIP Financing Order").

At the August 19, 2019 hearing, no creditor or other party in interest opposed entry of a final order authorizing the use of cash collateral on the foregoing terms; accordingly, it is hereby ORDERED that Debtor is authorized to utilize cash collateral on a final basis on the same terms, conditions, limitations, and protections, and with the same budget, as in the DIP Financing Order; and it is hereby ORDERED AND ADJUDGED AND DECREED as follows:

1.      The Motion is GRANTED on a final basis, without limiting or waiving any other rights, benefits, or protections provided to any creditor, other party in interest or Debtor, in the Interim Orders.

2.      Debtor is authorized to use cash collateral on those terms, conditions, and limitations, provided for in the DIP Financing Order.  Additionally, Debtor is authorized to utilize new customer deposits, apart from any approved budgets, in the ordinary course of business, as such deposits are received from time to time, without being restricted in its use of such deposits by virtue of them not being included on approved budgets.

3.      As adequate protection for use of Cash Collateral, Bay Point Capital shall have all liens and other protections provided for in the DIP Financing Order.  This Order shall supplement and shall not amend, modify, or otherwise alter the DIP Financing Order. To the extent that any provision of this Order is inconsistent with the provisions of the DIP Financing Order, the terms of the DIP Financing Order shall govern.

4.      Notwithstanding Bankruptcy Rule 4001(a)(1), this Order is not stayed and shall be effective upon the date of its entry on the docket.

5.      Counsel for the Debtor shall within three (3) days of the entry of this Order serve a copy of this Order on the parties entitled to service of a pleading under the Order on Debtor's Motion to Limit Notice and Set Notice Procedures entered by the Court on May 31, 2019 (Docket No. 41), as well as any parties known by the Debtor to assert an interest in Cash Collateral. Counsel shall file a certificate of service certify such service promptly after completing same.

**[END OF ORDER]**

**PREPARED AND SUBMITTED BY:**

/s/ Garrett A. Nail
Garrett A. Nail
Georgia Bar No. 997924
PORTNOY GARNER & NAIL LLC
3350 Riverwood Parkway
Suite 460
Atlanta, Georgia 30339
(678) 385-9712
gnail@pgnlaw.com
*Co-counsel for Debtor*

/s/ Michael D. Robl
Michael D. Robl
Georgia Bar No. 610905
ROBL LAW GROUP LLC
3754 Lavista Road
Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761 (facsimile)
michael@roblgroup.com (e-mail)
*Co-counsel for Debtor*