# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: <br><br> HANNAH SOLAR, LLC, <br><br>     Debtor. | CASE NO. 19-57651-PMB <br><br> CHAPTER 11 |
| HANNAH SOLAR, LLC, <br><br>     Plaintiff, <br><br> v. <br><br> GEL FUNDING, LLC n/k/a BRIDGE FUNDING CAPITAL, LLC, <br><br>     Defendant. | ADVERSARY PROCEEDING NO. _____ |

## COMPLAINT

COMES NOW Debtor Hannah Solar, LLC ("Debtor") and files this Complaint against Defendant Gel Funding, LLC n/k/a Bridge Funding Capital, LLC ("Defendant") and shows this Honorable Court the following:

## JURISDICTION AND VENUE

1.

Debtor is operating as the debtor-in-possession in its pending bankruptcy case, case no.19-57651-pmb (the "Bankruptcy Case"), and no case trustee has been appointed. An official committee of unsecured creditors has been appointed.

2.

Defendant is subject to the jurisdiction and venue of this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

1

3.

This Adversary Proceeding arises out of and relates to the Bankruptcy Case.

4.

This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court may, therefore, issue appropriate orders or judgments in this core proceeding.

5.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 550, and 551 and other applicable statutes and laws.

## FACTS AND LEGAL AUTHORITY

6.

On May 15, 2019 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

7.

During the ninety (90) days preceding the filing of Debtor's bankruptcy petition, Debtor transferred to Defendant at least the total sum of One Hundred Fourteen Thousand and 00/100ths Dollars ($114,000.00) (said transfers hereinafter referred to as the "Transfers"), as more specifically set forth on **Exhibit "A"** attached hereto and incorporated herein by reference. The Transfers were made via check, wire, and/or automatic debit from Debtor's business checking account. To the extent Debtor discovers the existence of additional transfers to Defendant that

occurred within the ninety (90) days prior to the Petition Date, Debtor intends to recover all such transfers, and this Complaint is not limited to those transfers disclosed as part of the defined term.

8.

Debtor engaged in reasonable due diligence to ascertain Defendant's possible affirmative defenses to any claims under 11 U.S.C. § 547(b) of the Bankruptcy Code, including, but not limited to, contacting Defendant by letter dated June 19, 2020 (the "Demand Letter"), setting forth a detailed analysis of why Debtor concluded that the Transfers were preferential and soliciting further information from Defendant to determine if Defendant believed it had any affirmative defenses. A true and correct copy of the Demand Letter attached hereto as **Exhibit "B."**

9.

Debtor has determined that Defendant does not have any conclusive affirmative defenses to claims under 11 U.S.C. § 547(b) of the Bankruptcy Code, and therefore seeks to avoid the Transfers made to Defendant within the ninety (90) days preceding the Petition Date.

10.

The Transfers were funds taken by Defendant from Debtor's business checking account and constitute transfers of interests in property of Debtor.

11.

The Transfers were made to or for the benefit of a creditor, Defendant, on account of claims Defendant maintained against Debtor prior to the Petition Date.

12.

The Transfers were for or on account of an antecedent debt owed by Debtor to Defendant before the Transfers were made.

13.

Pursuant to 11 U.S.C. § 547(f), Debtor is presumed to be insolvent within the ninety (90) days preceding the Petition Date, and the Transfers were made while Debtor was insolvent.

14.

The Transfers were made within ninety (90) days before the Petition Date, *i.e.*, within ninety (90) days of Debtor filing its bankruptcy petition in the Bankruptcy Case.

15.

The Transfers enabled the Defendant to receive more than Defendant would receive under Chapter 7 of the Bankruptcy Code if the Transfers had not been made, and if such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

16.

Pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable by Debtor, as debtor-in-possession, and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

17.

Pursuant to the Demand Letter, Debtor made demand upon Defendant for turnover of the amount of the Transfers.

18.

Pursuant to the provisions of 11 U.S.C. §§ 547 and 550, Defendant is liable to Debtor for the value of the Transfers in the sum shown on **Exhibit "A"** hereto, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post-judgment interest allowed by law.

19.

Debtor reserves the right to amend this Complaint should facts be discovered to justify the assertion of additional claims, including, without limitation, to increase the number or amount of

Transfers at issue and to assert any and all other claims arising under the Bankruptcy Code or applicable state law.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

1. Enter an order and judgment declaring the Transfers avoided pursuant to 11 U.S.C. § 547 and preserved for Debtor's bankruptcy estate pursuant to 11 U.S.C. § 551;

2. Pursuant to 11 U.S.C. §§ 547 and 550, enter an Order and Judgment in favor of Debtor and against Defendant in the sum of One Hundred Fourteen Thousand and 00/100ths Dollars ($114,000.00), plus pre-judgment interest allowed by law from the date of the Demand Letter, plus all post-judgment interest allowed by law; and

3. Grant Debtor such further and additional relief as this Court deems just and proper.

This 1st day of July, 2020.

Respectfully submitted,

/s/ Garrett A. Nail
Garrett A. Nail
Georgia Bar No. 997924
PORTNOY GARNER & NAIL LLC
3350 Riverwood Parkway, Suite 460
Atlanta, Georgia 30339
(678) 385-9712
gnail@pgnlaw.com
*Co-counsel for Debtor*

/s/ Michael D. Robl
Michael D. Robl
Georgia Bar No. 610905
ROBL LAW GROUP LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084 (404)
373-5153 (telephone)
(404)537-1761 (facsimile)
michael@roblgroup.com
*Co-Counsel for Debtor*

# EXHIBIT A

**Gel Funding, LLC**

| Date | Amount Paid |
|---|---|
| 3/4/2019 | $4,000.00 |
| 3/5/2019 | $4,000.00 |
| 3/6/2019 | $4,000.00 |
| 3/7/2019 | $4,000.00 |
| 3/8/2019 | $4,000.00 |
| 3/11/2019 | $4,000.00 |
| 3/12/2019 | $4,000.00 |
| 3/13/2019 | $4,000.00 |
| 3/14/2019 | $4,000.00 |
| 3/15/2019 | $4,000.00 |
| 3/18/2019 | $4,000.00 |
| 3/19/2019 | $4,000.00 |
| 3/20/2019 | $4,000.00 |
| 3/21/2019 | $2,000.00 |
| 3/22/2019 | $2,000.00 |
| 3/25/2019 | $2,000.00 |
| 3/26/2019 | $2,000.00 |
| 3/27/2019 | $2,000.00 |
| 3/28/2019 | $2,000.00 |
| 3/29/2019 | $2,000.00 |
| 4/1/2019 | $2,000.00 |
| 4/2/2019 | $4,000.00 |
| 4/2/2019 | $2,000.00 |
| 4/3/2019 | $4,000.00 |
| 4/4/2019 | $4,000.00 |
| 4/5/2019 | $4,000.00 |
| 4/8/2019 | $4,000.00 |
| 4/9/2019 | $4,000.00 |
| 4/10/2019 | $4,000.00 |
| 4/11/2019 | $4,000.00 |
| 4/12/2019 | $4,000.00 |
| 4/15/2019 | $4,000.00 |
| 5/1/2019 | $4,000.00 |
| **TOTAL** | **$114,000.00** |

# EXHIBIT B

# ROBL LAW GROUP LLC
A t t o r n e y s   a t   L a w

June 19, 2020

**Via U.S. Mail and E-mail**

**Gel Funding LLC**
**c/o Ariel Brouskila**
**80 Broad St., Suite 3303**
**New York, New York 10004**
**ari@bblawpllc.com**

Dear Sir or Madam,

      I, along with my co-counsel Garrett Nail, Esq., represent Hannah Solar, LLC ("Hannah Solar") in its pending bankruptcy case filed on May 15, 2019 (the "Petition Date") in the Northern District of Georgia, designated as Chapter 11 Case No. 19-57651 (the "Bankruptcy Case"). Hannah Solar has an obligation to recover funds from parties who have received preferential payments. A review of Hannah Solar's financial records indicates that you are liable for receiving preferential payments, sent to you by Hannah Solar pursuant to a financing agreement or a contract for the purchase of accounts receivable, within the ninety (90) days preceding the Petition Date. A chart showing the amounts you received from Hannah Solar within the ninety (90) days preceding the Petition Date is enclosed with this letter.

      Pursuant to Title 11 of the United States Code (the "Bankruptcy Code"), Hannah Solar is a debtor-in-possession of its assets while reorganizing in Chapter 11 and is authorized to "avoid any transfer of an interest of the debtor in property" when the following facts exist:

    The transfer must:
        1. be "to or for the benefit of a creditor;"
        2. be "for or on account of an antecedent debt owed by the debtor before such transfer was made:"
        3. have been "made while the debtor was insolvent;"
        4. have been "made on or within 90 days before the date of the filing of the petition;"
        5. enable the transferee to receive more than it "would receive if
            A. the case were a case under chapter 7 of [the Bankruptcy Code];
            B. the transfer had not been made; and
            C. [the transferee] received payment of such debt to the extent provided
            by the provisions of [the Bankruptcy Code]."

*Goodman v. MJSLD, LLC (In re Carroll)*, 2018 WL 1614172, at *3 (Bankr. N.D. Ga. Mar. 20, 2018) (*citing* 11 U.S.C. § 547(b)). Based on reasonable due diligence that we have undertaken in the circumstances of the Bankruptcy Case and taking into account a known or reasonably knowable affirmative defenses to a preferential transfer claim under subsection (c) of Section 547 of the Bankruptcy Code, we believe that you are liable for a preferential transfer in the full amount set forth on the enclosed summary of payments. The reasons for our conclusions are as follows.

# ROBL LAW GROUP LLC
### Attorneys at Law

The Bankruptcy Code defines a "creditor," in part, as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). Because this was a voluntary bankruptcy filing, the date of the order for relief is the Petition Date. 11 U.S.C. § 301(b). A "claim" is defined, in part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Given these definitions provided by the Bankruptcy Code, you are a creditor for purposes of analyzing whether payments made to you before the Petition Date are preferential pursuant to 11 U.S.C. § 547(b), as you asserted a "right to payment" which the Bankruptcy Code defines as a "claim" and any entity holding a "claim" is a "creditor." Thus, the first factor of the preferential transfer analysis is satisfied.

The second factor of the preferential transfer or payment test is also satisfied in this instance because the payments to you were "for or on account of an antecedent debt owed by the debtor before such transfer was made…." The Bankruptcy Code defines a "debt" simply as "liability on a claim." 11 U.S.C. § 101(12). As explained above, a "claim" is defined, in part, as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). Thus, it does not matter whether the right to payment arose form a sale or purchase of accounts receivable, or from a financing agreement, as either type of arrangement gives rise to a "right to payment", which is considered a "claim" and makes the holder of the claim on to whom an antecedent "debt" was owed.

We will not need to prove through evidence that Hannah Solar was insolvent, as the Bankruptcy Code presumes that a debtor was insolvent in the ninety (90) days preceding the Petition Date. *See* 11 U.S.C. § 547(f) ("For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition."). All of the transfers that I reference as creating liability on your part were made within the ninety (90) days before the Petition Date. Thus, the third and fourth prongs of the preferential transfer or preferential payment test are also satisfied in this instance because we are presently only seeking recovery of payments made to you within ninety (90) days prior to the Petition Date.

Finally, the payments that Hannah Solar made to you enabled you to receive more than you would receive if the case were a case under chapter 7 of the Bankruptcy Code, which satisfies the fifth element of the preference test. You were an unsecured or under-secured creditor with regards to the accounts receivable purchased or the financing arrangement entered into with Hannah Solar, as your security interest was junior to the security interests of Wells Fargo Commercial Distribution Finance, LLC, Funding Circle USA, Inc., and Synovus Bank. The amounts owed to those banks on the Petition Date exceeded the value of all property available as collateral. As such, were Hannah Solar's bankruptcy case a chapter 7 liquidation, you would receive less in payment than you received in the ninety (90) days preceding the bankruptcy filing because you would not be entitled to payment ahead of those secured creditors whose security interests were superior to yours, and those superior secured creditors were entitled to all collateral of Hannah Solar.

To the extent that the Bankruptcy Code requires us to analyze your potential defenses to a preferential transfer claim, you can see that we have done so based on the foregoing analysis. We do, however, invite you to draw to our attention any defenses to the preferential transfer claim which you

**ROBL LAW GROUP LLC**
Attorneys at Law

believe exist, and this letter serves as Hannah Solar's engaging in further due diligence to ascertain your affirmative defenses in response to a claim of your liability under 11 U.S.C. § 547(b). Please note, however, that the mere claim that accounts receivable were purchased rather than serving as collateral for a loan will not prevent assertion of a preferential payment avoidance action, which is due to the definitions of "debt", "claim", and "creditor" as explained above. *See, e.g., In re A Goodnight Sleepstore, Inc.*, No. 17-03274-5-JNC, 2019 WL 342577, at *5 (Bankr. E.D.N.C. Jan. 25, 2019) ("The Bankruptcy Code does not require a court to decide whether these MCA transactions constitute 'sales' or 'loans,' just whether a 'debt' exists (or existed). The Bankruptcy Code definitions of 'debt' and 'claim' are not restricted by date; a claim can be satisfied pre-petition, continue to exist post-petition. Here, under the Agreements, Funding Metrics would initiate a daily ACH transfer from Goodnight's bank account to pay *its claim* for an agreed amount over a mathematically determined number of business days. The terms of the Agreements give rise to a right to payment, through either the daily transfers, or the confessions of judgment and default fee. The right to payment under the Agreements thus gives rise to a 'claim' under the Bankruptcy Code and provides the foundation for a 'debt' for purposes of this adversary proceeding.").

Because it is our understanding that the transfers or payments to you listed on the enclosed summary and itemization fulfill all of the elements of a preferential transfer subject to avoidance under the Bankruptcy Code, you are required to disgorge and repay all payments made by Hannah Solar to you within the ninety (90) days before the Petition Date, as shown on the enclosed summary and itemization.

In order to avoid prolonged litigation of the preference action claim that will be filed against you in the event you contest your liability, Hannah Solar would settle all claims against you for a payment of eighty-five percent (85%) of the amount of funds you received in the ninety (90) days preceding the Petition Date. This offer shall remain open for ten (10) days from the date on this letter, after which time it shall be deemed automatically terminated without further notice if not accepted by you in writing to us, or if not extended by us due to a reasonable counter-offer received from you within the ten (10) days. In the event that we do not reach a settlement, we expect to file suit in the Bankruptcy Court for the Northern District of Georgia to recover the full amount of the preferential transfers. You may respond to us by email to michael@roblgroup.com, or via facsimile to 404-537-1761, or via letter to our address below. We look forward to hearing from you.

Cordially,

ROBL LAW GROUP LLC

Michael D. Robl, Esq.