UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| HANNAH SOLAR, LLC | : | CASE NO. 19-57651-pmb |
| | : | |
| Debtor | : | |
| _____ | : | |

**OBJECTION TO CONFIRMATION**

COMES NOW Resolution Management, LLC ("Resolution Management"), holder of an administrative expense claim with priority pursuant to 11 U.S.C. §507(a)(2), and hereby objects to confirmation of "Debtor's Fourth Plan of Reorganization" (the "Plan")(Doc. No. 248) filed by Hannah Solar, LLC ("Debtor"), showing as follows:

**Employment of Resolution Management Pursuant to 11 U.S.C. § 327**

On November 7, 2019, Debtor filed its "Application for Order Authorizing Retention and Employment of Resolution Management, LLC as Financial Advisor to Debtor *Nunc Pro Tunc* to October 30, 2019" (the "Application")(Doc. No. 162). On November 12, 2019, the Court entered its "Order Approving Application of Professional, Subject to Objection" (the "Retention Order")(Doc. No. 163), authorizing Debtor to employ Resolution Management as Financial Advisor, subject to objection filed within twenty-one (21) days of service. No objection was filed, and the Retention Order became a final order.

Resolution Management has provided services in accordance with the Retention Order and the terms of its employment and has incurred fees and expenses, subject to allowance and approval by the Court, for which the unpaid balance is in the approximate amount of $64,568.50.

## Classification and Treatment under the Plan

Article I of the Plan provides that the Plan "proposes to pay administrative expense claimants over a short period of time such that administrative expense claimants are within a class and are entitled to vote." (Doc. No. 248, Page 1, Footnote 1). Article II of the Plan provides that all administrative expense claims are classified as Class 9 (Doc. No. 248, Page 2). Article 4.01.9 provides that holders of anticipated administrative expense claims are set forth on Exhibit E to the Disclosure Statement, are impaired, and are entitled to vote. (Doc. No. 248, Page 9). Exhibit E lists the administrative expense claim of Resolution Management at $5,000.

## Objection to Confirmation

By classifying and impairing administrative expense claims, Debtor's Plan does not comply with 11 U.S.C. §§1129(a)(1) and (a)(9)(A) and, accordingly, cannot be confirmed.

## 11 U.S.C. §1129(a)(1)

11 U.S.C. §1129(a)(1) requires that the substantive provisions of the Plan be sufficiently inclusive and within the framework outlined by 11 U.S.C. §§ 1122 and 1123.  Sections 1122 and 1123 govern the classification of claims and the contents of the Plan.  *See In re Cajun Elec. Power Coop., Inc.,* 150 F.3d 503, 513 n.3 (5th Cir. 1998)(citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977) ("paragraph (1) requires that the plan comply with the applicable provisions of chapter 11, such as sections 1122 and 1123, governing classification and content of a plan.").

11 U.S.C. § 1123(a)(1) requires that a plan designate classes of claims and interests, other than claims of a kind specified in Section 507(a)(2), Section 507(a)(3), and/or Section 507(a)(8). The Plan here classifies Section 507(a)(2) administrative claims and therefore does not meet the requirements of Section 1123(a)(1). Accordingly, the Plan does not meet the requirements of Section 1129(a)(1).

**11 U.S.C. §1129(a)(9)**

11 U.S.C. §1129(a)(9) provides that "[e]xcept *to the extent that the holder of a particular claim* has agreed to a different treatment of such claim, the plan provides that  - (A)  with resect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of this title, on the effective date of the plan the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim" (emphasis added).

By attempting to classify the administrative expense claims and impair them, Debtor intends to bind the administrative expense claimants to the vote of their class. This violates 11 U.S.C. §1129(a)(9), because each holder of an administrative expense claim must agree to different treatment or must be paid in full on the effective date or the date the claim is allowed. No individual holder of an administrative expense claim may be bound by any agreement by other holders to different treatment.

Resolution Management does not consent to treatment of its administrative expenses claim as proposed, and therefore the Plan may not be confirmed.

WHEREFORE, Resolution Management requests that this Court inquire into this objection, deny confirmation of the Plan, and grant such further relief as is appropriate.

Dated: November 30, 2020

                                                   LAMBERTH, CIFELLI,
                                                   ELLIS & NASON, P.A.
                                                   Counsel for Resolution Management, LLC

                                                 By: */s/ G. Frank Nason, IV*
                                                        G. Frank Nason, IV
                                                        Georgia Bar No. 535160
                                                        fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia  30328
(404) 262-7373

## Certificate of Service

This is to certify that I have on this day electronically filed the foregoing *OBJECTION TO CONFIRMATION* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program, including:

Garrett A. Nail
gnail@pgnlaw.com

Michael D. Robl
michael@roblgroup.com

Thomas Wayne Dworshchak
thomas.w.dworschak@usdoj.com

Shawna Staton
shawna.p.staton@usdoj.com

J. Hayden Kepner, Jr.
hkepner@swlawfirm.com

J. Robert Williamson
rwilliamson@swlawfirm.com

Walter E. Jones
wjones@balch.com

Cody S. Wigington
cwigington@bakerlaw.com


Dated: November 30, 2020

                                             */s/ G. Frank Nason, IV*
                                             G. Frank Nason, IV
                                             Georgia Bar No. 535160

6000 Lake Forrest Drive
Suite 435
Atlanta, Georgia 30328
(404) 262-7373