

**IT IS ORDERED as set forth below:**

**Date: December 9, 2020**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge
Signed as Revised by the Court**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| HANNAH SOLAR, LLC, | ) | CASE NO. 19-57651-pmb |
| | ) | |
| Debtor. | ) | |

**ORDER CONFIRMING DEBTOR'S FOURTH PLAN OF REORGANIZATION**

On October 23, 2020, Hannah Solar, LLC, the debtor in the above-styled Chapter 11 case ("Debtor"), filed *Debtor's Fourth Amended Plan of Reorganization* (Doc. No. 248; the "Plan") and related *Disclosure Statement* (Doc. No. 249; the "Disclosure Statement"). Furthermore, Debtor filed *Notice of Supplemental Revised Exhibit to Fourth Amended Plan of Reorganization* and *Notice of Supplemental Revised Exhibit to Disclosure Statement for Fourth Amended Plan of Reorganization*, both filed on October 28, 2020 (Doc. Nos. 252 and 253, respectively; the

1

"Supplemental Revised Exhibits"). The Court entered an *Order Approving Disclosure Statement, and Setting Deadline for Submitting Ballots and Objections to Debtor's Plan of Reorganization and Notice of Confirmation Hearing* on October 30, 2020 (Doc. No. 255; the "Order and Notice of Hearing on Confirmation").  Debtor served the Plan, the Disclosure Statement, the Supplemental Revised Exhibits to the Plan and Disclosure Statements, the Order and Notice of Hearing on Confirmation, and Ballots on all creditors and parties in interest as shown by a Certificate of Service filed on November 3, 2020 (Doc. No. 258).

Debtor filed a *Report of the Balloting on Debtor's Fourth Amended Plan of Reorganization*, in accordance with BLR 3018-1, on December 1, 2020 (Doc. No. 284; the "Ballot Report").  As reflected in the Ballot Report, all creditors who filed ballots voted in favor of the Plan, with the exception of Bay Point Capital Partners II LP ("Bay Point"), which cast a Ballot on November 30, 2020, against the Plan (Doc. No. 283; the "Bay Point Ballot").  No creditor or party in interest filed an objection to the Plan, with the exception of Resolution Management, LLC (Doc. No. 282, filed on November 30, 2020; the "Resolution Management Objection").

A hearing to consider confirmation of the Plan was held on December 3, 2020 (the "Confirmation Hearing").  Debtor was represented at the Confirmation Hearing by its counsel, Michael Robl, Shannon McDuffie, and Garrett Nail, and Debtor's President, Mr. Pete Marte ("Mr. Marte").  Debtor also had available for testimony its financial advisor, Mr. Tyler Wright ("Mr. Wright"), from the consultancy and advisory firm Moore Colson.  The Official Committee of Unsecured Creditors (the "Creditors Committee") appeared through its counsel, Hayden Kepner. Debtor's DIP lender, Bay Point, appeared through its counsel, John Isbell.  The U.S. Trustee, creditor Enterprise FM Trust, creditor Enterprise Fleet Management, Inc., creditor Resolution Management, LLC, creditor Georgia Power, and creditor REC Solar, all appeared through counsel

at the Confirmation Hearing.  Prior to the Confirmation Hearing, Debtor filed various exhibits in support of the Plan (Doc. No. 285, filed on December 3, 2020; the "Confirmation Hearing Exhibits").  No creditor or other party in interest objected to the admissibility of, or consideration of, the Confirmation Hearing Exhibits.  Debtor proffered testimony at the Confirmation Hearing from Mr. Marte and Mr. Wright in order to demonstrate its compliance with all requirements of, or the inapplicability of certain requirements of, 11 U.S.C. § 1129(a)(1) through (a)(16) (the "Proffer").  No creditor or other party in interest objected to, or opposed, or refuted or rebutted that Proffer.

Additionally, at the time of the Confirmation Hearing, counsel for Bay Point indicated that Bay Point changed the Bay Point Ballot in order to vote in favor of confirmation of the Plan, on the terms and conditions expressly set forth in this Order for treatment of the claim of Bay Point.

Furthermore, at the time of the Confirmation Hearing, counsel for Resolution Management, LLC indicated that the Resolution Management Objection was resolved on the terms and conditions expressly set forth in this Order for treatment of the claim of Resolution Management, LLC.

The Court has considered the Plan, the Disclosure Statement, the Ballot Report, the Confirmation Hearing Exhibits, and the Proffer of evidence by Debtor's counsel at the Confirmation Hearing which no creditor or party in interest opposed.  The Court has also considered the statements of those creditors and counsel for creditors and parties in interest who participated in the Confirmation Hearing.  Based on the totality of the record, including the above-referenced pleadings and other documents of record, the Confirmation Hearing Exhibits, the Proffer, and the statements of counsel, including statements indicating the resolution of all objections to the Plan, the Court finds as follows:

(a) the Plan was properly served on all creditors and other parties in interest;

(b) sufficient notice of the Confirmation Hearing was given to all creditors and other parties in interest;

(c) the Plan has received sufficient votes in favor of acceptance of the Plan to be confirmed;

(d) the Plan complies, and the Plan proponent has complied, with all applicable requirements of 11 U.S.C. § 1129(a)(1) – (a)(16), and (c); and,

(e) no objections to the Plan remain unresolved.

Based on the foregoing findings of fact, it is hereby

**ORDERED** that the Plan is *confirmed*; and it is further,

**ORDERED** that:

1. To the extent that the following conflict with any provisions of the Plan, or are in addition to any provisions of the Plan, the following shall control the treatment of Bay Point's claim:

    a. Bay Point's claim shall be paid, in full, in monthly payments in the amounts and at such times as indicated on the payment schedule attached hereto as Exhibit "A;" *provided that*, Debtor agrees that it will use its best efforts to sell those certain vehicles listed on Exhibit "B" hereto (collectively, the "Vehicles," and each, a "Vehicle") on or before February 2, 2021, and that Debtor will immediately pay the net proceeds of such sales to Bay Point, which amount shall be credited against the amounts due from Debtor to Bay Point hereunder; and *further provided that* if the net proceeds of any such Vehicle sale exceed the amount due from Debtor to Bay Point for the then current month, Debtor shall immediately remit the net proceeds of such sale to Bay Point as a prepayment of the amount due for the following month; and *further provided that* Debtor shall provide Bay Point with notice of any

proposed sale of a Vehicle and Bay Point shall have seven (7) days from the receipt of such notice to exercise the right to purchase such Vehicle for the proposed sale price by crediting the proposed sale price against the amount due to Bay Point hereunder; and *further provided that*, no later than February 2, 2021, Debtor or its affiliated entities and individuals shall sell their fifty percent (50%) ownership interest in Hannah Solar Government Services ("HSGS") to the other owner of HSGS for not less than $50,000 and shall remit the net proceeds of such sale to Bay Point by no later than February 2, 2021, which amount shall be credited against the amounts due from Debtor to Bay Point hereunder; and *further provided that* if the net proceeds of the sale of the HSGS ownership interest exceed the amount due from Debtor to Bay Point for the then current month, Debtor shall remit such net proceeds of such sale to Bay Point as a prepayment of the amount due for the following month; and *further provided that* Debtor shall sell the four (4) parcels of land identified on Exhibit "C" hereto (each, a "Real Property") as soon as practicable and shall, as part of the closing of such sale transaction, instruct the purchaser or closing attorney to remit to Bay Point all net proceeds of those sales after paying ordinary broker's commissions and closing costs, which amounts shall be credited against the payment due from Debtor to Bay Point on July 1, 2021 (the "July 1st Payment"); and *further provided that* if the net proceeds of any Real Property sale exceed the amount remaining due for the July 1st Payment, Bay Point shall apply such excess net proceeds to the then current month or, if no amount is due for the then current month, as a prepayment of the amount due for the following month and any following month after that in succession; and *further provided that*

    Debtor shall provide Bay Point with notice of any proposed sale of any part of any Real Property and Bay Point shall have ten (10) days from the receipt of such notice to exercise the right to purchase such Real Property for the proposed sale price by crediting the proposed sale price against the amount due to Bay Point hereunder.

b. If any sale of any collateral does not provide Bay Point with the amount anticipated in the Plan or this Order, then Bay Point may agree to release or cancel its security interests in, and liens upon, any specific item or items of collateral for the purpose of allowing a disposition in one instance without waiving, releasing, or impairing its rights, remedies, security interests, and liens in any other instance, and without waiving, releasing, or impairing its rights to be paid any deficiency arising from a sale of collateral for less than the anticipated amount.

c. Bay Point shall retain its security interests in, and liens upon, all collateral pledged to it pursuant to (i) the Interim DIP loan approved by Order of the Court entered on June 16, 2019 (Doc. No. 62); and (ii) the DIP loan approved by Order of the Court entered on August 20, 2019 (Doc. No. 136) (collectively, the "<u>Bay Point Collateral</u>"), until such time as all or part of the Bay Point Collateral is sold and the proceeds are used to pay Bay Point's claim in the manner provided for in the Plan and this Order.

d. After such time as Bay Point's claim has been paid in full, Bay Point shall file releases or cancellations of any security deeds or UCC1 Financing Statements, which it has not previously released or cancelled, as may be necessary to release its security interests and liens on any remaining property in which it holds a security interest or lien.

    e. Nothing in the Plan or this Order shall cancel, release, novate, amend, or otherwise modify any security interests in, or liens upon, collateral pledged to Bay Point by non-debtor entities or individuals.

    f. Nothing in the Plan or this Order shall release any guarantors or guaranty obligations to Bay Point.

    g. The provisions of the Plan which are not modified or superseded by the foregoing remain in effect.

2. To the extent that the following conflict with any provisions of the Plan, or are in addition to any provisions of the Plan, the following shall control the treatment of Resolution Management, LLC's claim:

    a. Resolution Management, LLC, the Creditors Committee, and Debtor will endeavor to agree on an administrative expense claim amount for Resolution Management, LLC. If Resolution Management, LLC, the Creditors Committee, and Debtor are able to reach agreement on the administrative expense claim amount, they will file a stipulation of the agreed upon claim amount. If a motion to allow administrative expense claim has not been previously filed by Resolution Management, LLC, then any stipulation of the agreed upon claim amount shall include sufficient detail to indicate the basis of the claim, which may include an invoice or invoices from Resolution Management, LLC.

    b. If Resolution Management, LLC, the Creditors Committee, and Debtor are unable to agree on an administrative expense claim amount for Resolution Management, LLC, the Court will hear the administrative expense claim of Resolution Management, LLC and enter an Order setting the claim amount. Any motion to

      allow administrative expense claim of Resolution Management, LLC shall be filed not later than December 31, 2020, or it shall not be allowed.

  c. Resolution Management, LLC, the Creditors Committee, and Debtor shall endeavor to agree on payment terms for the administrative expense claim of Resolution Management, LLC; however, if they are able to do so, the Court will set a claim payment deadline after motion and hearing.

  d. The allowed amount of the administrative expense claim of Resolution Management, LLC shall be paid in full, unless Resolution Management, LLC and the Debtor agree in writing to different treatment of the claim.

  e. The provisions of the Plan which are not modified or superseded by the foregoing remain in effect.

3. To the extent that the following conflict with any provisions of the Plan, or are in addition to any provisions of the Plan, the following shall control the treatment of the Department of Revenue of the State of Mississippi's (the "MDOR") claim:

  a. The MDOR shall not be required to file any proofs of claim or requests for payment in the Chapter 11 Cases for the liabilities described in section 503(b)(1)(B) and (C) of the Bankruptcy Code, the Debtor or Reorganized Debtor, as applicable, shall timely submit returns and remit payment, including penalties and interest, for all taxes due or coming, as required under applicable Mississippi state law, and, should the Debtor or the Reorganized Debtor fail to so timely file and pay, MDOR may proceed with Mississippi state law remedies for collection of any amounts due and/or seek such relief as may be available from the Court.

b. Within 30 days of the Effective Date, the Debtor or the Reorganized Debtor, as applicable, shall file returns and remit payment for any liabilities due or outstanding on the Effective Date.

c. To the extent the MDOR's 507(a)(8) priority tax claims, if any, are not paid in full in cash on the Effective Date, such claims shall, at a minimum, be paid by regular, quarterly installment payments in cash over a period not to exceed five years after the date of the order for relief under section 301 of the Bankruptcy Code, all as required section 1129(a)(9)(C) of the Bankruptcy Code, along with non-bankruptcy interest (6% per year) in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code and Mississippi state law, as applicable.

d. The Plan, this Order, and the above-captioned Chapter 11 Case shall have no effect on the MDOR's rights as to non-Debtor third parties.

e. The MDOR may timely amend any Proof of Claim after the governmental bar date, or the Effective Date, whichever is later, with respect to (a) a pending audit, (b) an audit that may be performed, with respect to any pre- or post-petition tax return, or (c) a filed tax return.

f. In the event of a default in payment of the priority tax claims of the MDOR, the MDOR shall send written notice of default to the Debtor or the Reorganized Debtor, as applicable, to the address in MDOR's records with a copy to Debtor or Reorganized Debtor's legal counsel of record in this bankruptcy case. If such default is not cured within 10 business days after such notice of default is mailed, the MDOR may (a) enforce the entire amount of its claim; (b) proceed with

      Mississippi state law remedies for collection of any amounts due and/or (c) seek such relief as may be available from the Court.

   g. For the avoidance of doubt, nothing in this Confirmation Order or the Plan shall affect or relieve the Debtor or the Reorganized Debtor's obligations to timely submit returns and remit payment for all taxes due or coming due under applicable Mississippi state law either prior to or after the Effective Date, in accordance therewith.

   h. The provisions of the Plan which are not modified or superseded by the foregoing remain in effect.

4. The terms of the Plan are binding on Debtor and on all its creditors and all parties in interest, irrespective of whether such party's claim or interest is impaired by the Plan and irrespective of whether such party has voted to accept or reject the Plan.

5. Debtor is authorized to make the payments provided for in the Plan.

6. Debtor shall, within 120 days of the date of entry of this Order, file the report required by BLR 3022-1 (b).

7. Debtor's counsel shall serve a copy of this Order on all creditors and parties in interest and file a certificate of such service within seven (7) days of the date of entry of this Order.

8. The Court retains jurisdiction over this case until it is administratively closed, and then to the extent stated in the Plan and authorized by law.

### [End of Order]

*Proposed Order submitted by:*

By: /s/ Michael D. Robl
Michael D. Robl
Georgia Bar No. 61090

ROBL LAW GROUP LLC
3754 Lavista Road, Suite 250
Tucker, Georgia 30084
(404) 373-5153 (telephone)
(404) 537-1761(facsimile)
michael@roblgroup.com (e-mail)
*Co-counsel for Debtor*

/s/ Garrett A. Nail
Garrett A. Nail
Georgia Bar No. 997924
PORTNOY GARNER & NAIL LLC
3350 Riverwood Parkway
Suite 460
Atlanta, Georgia 30339
(678) 385-9712
gnail@pgnlaw.com
*Co-counsel for Debtor*

**Distribution List:**

**To be served by counsel for Debtor**

# Exhibit "A"

| Date | Beg. Bal. | Interest | Payment | End Bal. | | |
|---|---|---|---|---|---|---|
| 12/7/2020 | $498,000.00 | | $50,000.00 | $448,000.00 | | |
| 1/1/2021 | $448,000.00 | $4,044.44 | $50,000.00 | $402,044.44 | Interest Rate | 13% |
| 2/1/2021 | $402,044.44 | $4,500.66 | $50,000.00 | $356,545.11 | Daily Rate | 0.000361 |
| 3/1/2021 | $356,545.11 | $3,605.07 | $17,000.00 | $343,150.18 | | |
| 4/1/2021 | $343,150.18 | $3,841.38 | $17,000.00 | $329,991.55 | | |
| 5/1/2021 | $329,991.55 | $3,574.91 | $17,000.00 | $316,566.46 | | |
| 6/1/2021 | $316,566.46 | $3,543.79 | $17,000.00 | $303,110.25 | | |
| 7/1/2021 | $303,110.25 | $3,283.69 | $175,000.00 | $131,393.94 | | |
| 8/1/2021 | $131,393.94 | $1,470.88 | $17,000.00 | $115,864.82 | | |
| 9/1/2021 | $115,864.82 | $1,297.04 | $17,000.00 | $100,161.86 | | |
| 10/1/2021 | $100,161.86 | $1,085.09 | $17,000.00 | $84,246.95 | | |
| 11/1/2021 | $84,246.95 | $943.10 | $17,000.00 | $68,190.05 | | |
| 12/1/2021 | $68,190.05 | $738.73 | $17,000.00 | $51,928.77 | | |
| 1/1/2022 | $51,928.77 | $581.31 | $17,000.00 | $35,510.09 | | |
| 2/1/2022 | $35,510.09 | $397.52 | $17,000.00 | $18,907.60 | | |
| 3/1/2022 | $18,907.60 | $191.18 | $17,000.00 | $2,098.78 | | |
| 4/1/2022 | $2,098.78 | $23.49 | $2,122.28 | $0.00 | | |

# Exhibit "B"

| VEHICLE | Vin # | Purchase Date | Purchase Price | Approximate Mileage | Sale price to Speficic Buyer | Buyer |
|---|---|---|---|---|---|---|
| 2012 Nissan Leaf -7884 | JN1AZ0CP3CT017884 | 3/16/2012 | $ 41,601.13 | 41,650 | tbd | to be sold through commerical channel |
| 2013 Nissan NV2500 -09984 | 1N6AF0LY5DN109984 | 6/11/2014 | $ 35,790.18 | 166,000 | tbd | to be sold through commerical channel |
| 2012 Nissan Leaf -8274 | JN1AZ0CP3CT018274 | 3/16/2012 | $ 41,601.13 | 44,778 | tbd | to be sold through commerical channel |
| 2013 Nissan Titan | 1N6BA0CA9DN314424 | 12/31/2013 | $ 28,761.44 | 192,018 | $ 11,500.00 | Nick Mosley |
| 2014 Nissan Frontier - 43867 | 1N6AD0CU5EN760293 | 7/17/2014 | $ 26,209.70 | 157,411 | tbd | to be sold through commerical channel |
| 2014 Nissan Frontier - 61862 | 1N6AD0CU1EN761862 | 7/17/2014 | $ 27,062.63 | 165,964 | $ 7,500.00 | Zero Grid Power Solutions |
| 2014 Nissan Frontier - 60293 | 1N6AD0CU9EN743867 | 7/17/2014 | $ 27,062.63 | 196,125 | tbd | to be sold through commerical channel |
| 2011 Ford Transit Connect XL | NM0LS7AN5BT045475 | 12/30/2010 | $ 22,546.55 | 190,164 | $ 3,000.00 | Zero Grid Power Solutions |
| Lark White V-Nose 6 X 12 Cargo Trailer | 5RTBE1225ED042113 | 5/1/2013 | $ 3,316.00 | n/a | tbd | to be sold through commerical channel |

 Decatur County, GA

**Exhibit "C"**

## Summary

| | |
|---|---|
| Parcel Number | B0800012B01 |
| Location Address | |
| Legal Description | 358 101 LL 204 LD 15 |
| | (Note: Not to be used on legal documents) |
| Class | C3-Commercial |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | Bainbridge (District 02) |
| Millage Rate | 34.747 |
| Acres | 16.76 |
| Homestead Exemption | No (S0) |
| Landlot/District | 204 / 15 |

## Owner

HANNAH SOLAR LLC
1311 COLLIER RD NW
ATLANTA, GA 30318

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Commercial | AC: 5000.00 | Acres | 0 | 0 | 0 | 10 | 0 |
| Commercial | AC: 2000.00 | Acres | 294,466 | 0 | 0 | 6.76 | 0 |

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| FENCE, CHAIN LINK | 2000 | 6x2000 / 0 | 1 | $11,057 |

## Sales

| Sale Date | Sale Price | Grantor | Grantee |
|---|---|---|---|
| 7/19/2013 | $40,000 | | HANNAH SOLAR LLC |
| 5/5/2000 | $0 | STRICKLAND CURTIS | WHIGHAM L F JR & SHIRLEY |
| | $30,000 | WHIGHAM L F JR & SHIRLEY | ALLEN ROBERT |
| | $0 | L F WHIGHAM JR | STRICKLAND CURTIS |

## Valuation

| | | 2019 | 2018 | 2017 | 2016 |
|---|---|---|---|---|---|
| | Previous Value | $74,577 | $74,577 | $74,577 | $74,577 |
| | Land Value | $63,520 | $63,520 | $63,520 | $63,520 |
| + | Improvement Value | $0 | $0 | $0 | $0 |
| + | Accessory Value | $14,400 | $11,057 | $11,057 | $11,057 |
| = | Current Value | **$77,920** | **$74,577** | **$74,577** | **$74,577** |

## Area Sales Report

**Sale date range:**

From:
07/15/2017

To:
07/15/2020

[ Sales by Area ]

1500

Feet ⌄

[ Sales by Distance ]

**No data available for the following modules:** Rural Land, Conservation Use Rural Land, Residential Improvement Information, Commercial Improvement Information, Mobile Homes, Prebill Mobile Homes, Permits, Photos, Sketches.

 Clinch County, GA

## Summary

| | |
|---|---|
| Parcel Number | 063 044A |
| Location Address | VALDOSTA HWY |
| Legal Description | TRACT # 3 / US HWY 84 WEST |
| | (Note: Not to be used on legal documents) |
| Class | C4-Commercial |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | CITY (District 02) |
| Millage Rate | 10.722 |
| Acres | 7.91 |
| Homestead Exemption | No (S0) |
| Landlot/District | 497 / 7 |
| Water | N/A |
| Sewer | N/A |
| Electric | N/A |
| Gas | N/A |
| Topography | N/A |
| Drainage | N/A |
| Road Class | N/A |
| Parcel Road Access | N/A |

View Map

## Owner

HANNAH SOLAR LLC
2690 COBB PKWY SE STE A-5
SMYRNA, GA 30080

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Commercial | $25,000 Per Acre | Acres | 1,203,563 | 0 | 0 | 7.91 | 0 |

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| CLF3 CHAIN LINK FENCE 8' LF | 2013 | 402x539 / 678 | 0 | $8,600 |

## Sales

| Sale Date | Sale Price | Grantor | Grantee |
|---|---|---|---|
| 7/16/2013 | $84,180 | CLINCH COUNTY DEVELOPMENT AUTHORITY | HANNAH SOLAR LLC |

## Valuation

| | | 2019 | 2018 | 2017 | 2016 |
|---|---|---|---|---|---|
| | Previous Value | $162,700 | $162,700 | $162,700 | $162,700 |
| | Land Value | $154,100 | $154,100 | $154,100 | $154,100 |
| + | Improvement Value | $0 | $0 | $0 | $0 |
| + | Accessory Value | $8,600 | $8,600 | $8,600 | $8,600 |
| = | Current Value | $162,700 | $162,700 | $162,700 | $162,700 |

**No data available for the following modules:** Rural Land, Conservation Use Rural Land, Residential Improvement Information, Commercial Improvement Information, Mobile Homes, Prebill Mobile Homes, Permits, Photos, Sketches.

The Clinch County Assessor makes every effort to produce the most accurate information possible. No warranties, expressed or implied are provided for the data herein, its use or interpretation.

User Privacy Policy
GDPR Privacy Notice

Developed by


Last Data Upload: 7/15/2020, 6:36:32 AM    Version 2.3.69

 Decatur County, GA

## Summary

| | |
|---|---|
| Parcel Number | 00720030 |
| Location Address | |
| Legal Description | 358 99 LL 167 LD 15 |
| | (Note: Not to be used on legal documents) |
| Class | C4-Commercial |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | County (District 04) |
| Millage Rate | 32.432 |
| Acres | 5.67 |
| Homestead Exemption | No (S0) |
| Landlot/District | 167 / 15 |

## Owner

**HANNAH SOLAR LLC**
1311 COLLIER RD NW
ATLANTA, GA 30318

## Land

| Type | Description | Calculation Method | Square Footage | Frontage | Depth | Acres | Lots |
|---|---|---|---|---|---|---|---|
| Commercial | AC: 5000.00 | Acres | 0 | 0 | 0 | 5.67 | 0 |

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| FENCE, CHAIN LINK | 2000 | 6x2400 / 0 | 1 | $14,005 |

## Sales

| Sale Date | Sale Price | Grantor | Grantee |
|---|---|---|---|
| 7/19/2013 | $25,000 | | HANNAH SOLAR LLC |
| 10/28/2003 | $0 | MURPHY GLORIA ELLEN | MURPHY GLORIA ELLEN |
| 10/11/1999 | $0 | MURPHY DONALD H | MURPHY GLORIA ELLEN |
| | $0 | | MURPHY DONALD H |

## Valuation

| | | 2019 | 2018 | 2017 | 2016 |
|---|---|---|---|---|---|
| | Previous Value | $39,520 | $39,520 | $39,520 | $39,520 |
| | Land Value | $25,515 | $25,515 | $25,515 | $25,515 |
| + | Improvement Value | $0 | $0 | $0 | $0 |
| + | Accessory Value | $14,005 | $14,005 | $14,005 | $14,005 |
| = | **Current Value** | **$39,520** | **$39,520** | **$39,520** | **$39,520** |

## Area Sales Report

**Sale date range:**

From:
07/15/2017

To:
07/15/2020

[ Sales by Area ]

1500

Feet ⌄

[ Sales by Distance ]

**No data available for the following modules:** Rural Land, Conservation Use Rural Land, Residential Improvement Information, Commercial Improvement Information, Mobile Homes, Prebill Mobile Homes, Permits, Photos, Sketches.

 Chattooga County, GA

## Summary

| | |
|---|---|
| Parcel Number | 0003000000033 |
| Location Address | |
| Legal Description | 28.15AC WEST OF HWY 114 |
| | (Note: Not to be used on legal documents) |
| Class | A5-Agricultural |
| | (Note: This is for tax purposes only. Not to be used for zoning.) |
| Tax District | County (District 01) |
| Millage Rate | 27.186 |
| Acres | 28.15 |
| Homestead Exemption | No (S0) |
| Landlot/District | 98, / 14 |
| Water | N/A |
| Sewer | N/A |
| Electric | N/A |
| Gas | N/A |
| Topography | 001 |
| Drainage | N/A |
| Road Class | 003 |
| Parcel Road Access | 001 |

View Map

## Owner

COOP CORNER LLC
1311 COLLIER RD
ATLANTA, GA 30318

## Valuation

| | | 2020 | 2019 | 2018 |
|---|---|---|---|---|
| | Previous Value | $53,136 | $53,136 | $53,136 |
| | Land Value | $53,136 | $53,136 | $53,136 |
| + | Improvement Value | $0 | $0 | $0 |
| + | Accessory Value | $0 | $0 | $0 |
| = | Current Value | **$53,136** | **$53,136** | **$53,136** |
| * | Assessed Value | $21,254 | $21,254 | $21,254 |

## Rural Land

| Type | Description | Calculation Method | Soil Productivity | Acres |
|---|---|---|---|---|
| RUR | LC 133-138 | Rural | 1 | 7 |
| RUR | LC 233-238 | Rural | 2 | 8 |
| RUR | LC 233-238 | Rural | 2 | 11.15 |
| RUR | LC 233-238 | Rural | 4 | 2 |

## Accessory Information

| Description | Year Built | Dimensions/Units | Identical Units | Value |
|---|---|---|---|---|
| BARN: LOW COST | 1900 | 0x0 / 0 | 1 | $0 |

## Permits

| Permit Date | Permit Number | Type | Description |
|---|---|---|---|
| 12/19/2017 | | FIELD CHECK | 12/18/17-more solar panels going up, owner Bridgette Kerry (770-313-5165)-BH |

## Sales

| Sale Date | Sale Price | Grantor | Grantee |
|---|---|---|---|
| 4/3/2014 | $29,700 | | COOP CORNER LLC |
| 3/12/2007 | $21,000 | BALLARD DONALD B AND | BARRETT THOMAS A |
| 11/10/2006 | $0 | MCNEESE RANDALL LAMAR | BALLARD DONALD B AND |
| 6/25/2002 | $40,000 | LEE SANDRA REECE | MCNEESE RANDALL LAMAR |
| 12/19/1983 | $0 | | LEE SANDRA REECE |

**No data available for the following modules:** Land, Conservation Use Rural Land, Residential Improvement Information, Commercial Improvement Information, Mobile Homes, Prebill Mobile Homes, Photos, Sketches.